### RICH v. GOLDMAN et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BILLS AND NOTES—TRANSFER BY INDORSEMENT—PAYMENT—LIABILITY OF
   PAYEE.

   Defendant, the payee of a note, transferred the same by indorsement.
   The note not being paid, defendant took it up by payment, and placed
   it in the hands of an attorney for collection. One of the persons liable
   on the note borrowed money from G. with which to pay the same, and
   immediately turned the note over to G., who assigned it to plaintiff.
   *Held*, that plaintiff could not recover the amount from defendant.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Harry Rich against Alexander Goldman and others.
From a judgment for plaintiff, defendant Rabinowich appeals. Re-
versed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-
GERALD, JJ.

Edward Phillips, for appellant.
Marcus Belfand, for respondent.

FREEDMAN, P. J. The pleadings in this action were oral,
and the plaintiff complains "on promissory note, assigned claim."
The following facts shown upon the trial are substantially undis-
puted, and constitute the basis of plaintiff's claim: One Alexander
Goldman on September 24, 1902, made and delivered to the de-
fendant herein, Hirsh Rabinowich, his promissory note for $100,
payable ten months from date. Before delivery of the note to
Rabinowich, the payee, the same was indorsed by Kuper & Lapin
and Lapin & Goldman; Lapin apparently being a partner with
both Kuper and Goldman. Thereafter Rabinowich, the payee, in-
dorsed the note and transferred it to one Isidor Berg. Berg placed
the note in the Van Norden Trust Company for collection, and,
when it matured, not having been paid, it was protested. Rabino-
wich, the payee, then paid the note, received it from the trust com-
pany, and placed it in the hands of his attorney for collection.
Subsequently Lapin, one of the firm of Kuper & Lapin, and one
of the indorsers, borrowed from one Gelman the amount due on
the note, paid this sum to the payee's attorney, and immediately
turned the note over to Gelman, who thereafter assigned it to this
plaintiff, who brought this action. It does not appear that any
of the several defendants, except Rabinowich, were served with

the summons or appeared in the action; and upon the foregoing testimony the court gave a judgment in favor of the plaintiff against Rabinowich, the payee named in the note. A mere statement of the foregoing testimony is sufficient to show that the plaintiff had no cause of action against this defendant.

The firms of Lapin & Goldman and Kuper & Lapin, as well as Alexander Goldman, the maker, were liable to the payee upon the note, and one of said indorsers paid it. That he obtained the money with which to do so from Gelman, and, after payment, delivered the note to him, did not render the payee liable to either him or his assignor.

Judgment reversed. New trial ordered, with costs to appellant to abide the event. All concur.